IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID BUNNELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-03740-L** |
| § | |
| BRYAN NETSCH, et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, filed November 21, 2012; Plaintiff's Response to Defendants' Motion to Dismiss, filed December 14, 2012; and Defendants' Reply in Support of Motion to Dismiss, filed January 4, 2013. In Plaintiff's Response to Defendants' Motion to Dismiss, he requests the court allow him leave to file his proposed Second Amended Original Complaint, which he believes will respond to Defendants' allegations that his pleadings fail to state a claim upon which relief may be granted.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371

**Memorandum Opinion and Order - Page 1**

U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When a plaintiff has previously amended his pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted).

Plaintiff's First Amended Original Complaint was filed only to correct the names of Defendants. Because the proposed Second Amended Original Complaint would serve as Plaintiff's first substantive amendment and allowing the amendment will not cause undue delay or prejudice to Defendants, the court determines that Plaintiff should be allowed to file his amended pleading. Accordingly, the court **grants** Plaintiff leave to file the proposed Second Amended Original Complaint, which will serve as the "live" or operative pleading for the purposes of Defendants' Motion to Dismiss. Plaintiff must file the proposed Second Amended Original Complaint by **12 p.m.** on **Monday, June 10, 2013.**

**It is so ordered** this 6th day of June, 2013.

Sam A. Lindsay
United States District Judge