IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID BUNNELL** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:12-CV-3740-L** |
| **BRYAN NETSCH, ET AL.** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to File Fourth Amended Original Complaint (Doc. 168), filed May 15, 2015. After considering the motion, response, reply, record, and applicable law, the court **denies** Plaintiff's Motion for Leave to File Fourth Amended Original Complaint.

Plaintiff's request to amend his compliant at this late juncture would require modification of the court's scheduling order because the October 15, 2013 deadline for amendment of pleadings has long since passed. Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). Plaintiff contends that his motion should be decided under Federal Rule of Civil Procedure 15(a); however, "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536. The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension."

**Memorandum Opinion and Order – Page 1**

*S & W Enters.*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Id*. (internal quotation marks, brackets, and citations omitted).

After weighing these factors, the court determines that Plaintiff has not established good cause for the post-deadline amendment. Plaintiff filed its Motion for Leave to File Plaintiff's Fourth Amended Original Complaint ("Motion for Leave"), which included new factual allegations, on May 15, 2015. The Motion for Leave was filed more than eighteen months after the pleading amendment deadline. The only explanation Plaintiff offers for waiting so long to amend his complaint is that he learned of the facts for the first time in 2014. The court finds this explanation unpersuasive. Plaintiff fails to demonstrate why he could not have sought leave from the court prior to his May 2015 filing. Plaintiff states he received the new facts in documents from the Defendant in March of 2014; however, he does not show that he exercised reasonable diligence in seeking leave to amend his pleadings. No pleading amendment deadline was included in the March 3, 2014 First Amended Scheduling Order, nor any subsequent amended scheduling orders because the pleading amendment deadline had previously expired five months earlier on October 15, 2013, and no extension or renewal of the pleading amendment deadline was ever requested.

The second and third factors, the importance of the amendment and potential prejudice if the court allows the amendment, also weigh against allowing the late amendment. Plaintiff contends that he is not seeking to add any new claims and only wants to clarify factual allegations; however, Plaintiff seeks to amend pleadings to include new factual allegations after both parties have

**Memorandum Opinion and Order – Page 2**

submitted motions for summary judgment. Plaintiff filed the Motion for Leave on the same day that both parties submitted amended motions for summary judgment in accordance with the court's May 11, 2015 order. Under Fifth Circuit precedent, pleading amendments have to be more closely scrutinized after the opposing party has submitted its motion for summary judgment to alleviate prejudice, and ensure issues are resolved in their due order. *See Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999). Further, Plaintiff makes no showing that the delay "was due to oversight, inadvertence, or excusable neglect." *Id.* at 763. Here, Plaintiff seeks to expand the scope of the initial complaint to include factual allegations learned in 2014 from the Defendants; however, Plaintiff offers no explanation for the delay in seeking leave to amend his pleading.

The final factor, availability of a continuance to remedy such prejudice, also weighs against the Plaintiff. As stated above, Defendant has already submitted an amended motion for summary judgment. Plaintiff has had three bites at the apple, and the court believes that permitting a fourth pleading attempt would be an inefficient use of the parties' and court's resources, and would cause unnecessary and undue delay. Further, Plaintiff has had sufficient opportunity on previous occasions to adequately plead his case. Accordingly, for all of the reasons explained, the court concludes that Plaintiff has failed to establish good cause for failing to exercise due diligence, and seek leave at an earlier time. The court therefore **denies** Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 168).

**It is so ordered** this 5th day of October, 2015.

_____
Sam A. Lindsay
United States District Judge