IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID BUNNELL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3740-L** |
| | § | |
| **BRYAN NETSCH,** *et al.***,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Defendants' Amended Motion for Summary Judgment (Doc. 161), filed

May 18, 2015; Plaintiff's Amended Motion for Partial Summary Judgment (Doc. 165), filed May

18, 2015; Defendants' Objections to Plaintiff's Additional Evidence Submitted and Issues Raised

in Support of Plaintiff's First Amended Motion for Partial Summary Judgment (Doc. 170), filed May

29, 2015; Defendants' Objections to Plaintiff's Summary Judgment Evidence (Doc. 177), filed June

5, 2015; and Plaintiff's Motion to Strike and Objections to Defendants' Reply Brief in Support of

Amended Motion for Summary Judgment (Doc. 185), filed June 17, 2015. The court also **revives**

and revisits Defendants' Motion to Exclude the Expert Testimony of Chip Hodgkins, Rick Doss,

Chris Pumpelly, and Scott Marlette (Doc. 88), filed February 17, 2015, in accordance with the

court's September 9, 2015 order (Doc. 192).[1]

---

[1] The court previously denied without prejudice Defendants' Motion to Exclude Expert Testimony and indicated that it would *sua sponte* revive the issues raised in the motion when it ruled on the parties' amended summary judgment motions. The court's prior order (Doc. 192) is **vacated** *to the extent that it is inconsistent with the court's ruling in this memorandum opinion and order on Defendants' Motion to Exclude Expert Testimony.*

**Memorandum Opinion and Order - Page 1**

After careful consideration of the motions, objections, briefs, responses, replies, pleadings, evidence, record, and applicable law, the court **denies** Defendants' Motion for Summary Judgment (Doc. 161); **denies** Plaintiff's Amended Motion for Partial Summary Judgment (Doc. 165); **overrules as moot** Defendants' Objections to Plaintiff's Additional Evidence Submitted and Issues Raised in Support of Plaintiff's First Amended Motion for Partial Summary Judgment (Doc. 170); **overrules as moot** Defendants' Objections to Plaintiff's Summary Judgment Evidence (Doc. 177); **denies as moot** Plaintiff's Motion to Strike Defendants' Reply Brief in Support of Amended Motion for Summary Judgment (Doc. 185); and **grants** Defendants' Motion to Exclude the Expert Testimony of Chip Hodgkins, Rick Doss, Chris Pumpelly, and Scott Marlette (Doc. 88) *to the extent herein set forth*.

## I.    Factual and Procedural Background

On September 14, 2012, David Bunnell ("Bunnell" or "Plaintiff") brought this action against his former employer Bryan Netsch ("Netsch") and Netsch's businesses Intense Printing, Inc. ("Intense Printing"); Prism Promotional Services, Inc.; Interactive Printing Inks and Coatings, Inc.; and Graphics Intellectual Property Management Group, Inc. (collectively, "Defendants") for breach of an employment agreement(s) and alleged security violations under the Securities Act of 1933, 15 U.S.C. § 77a, *et seq*. and Exchange Act of 1934, 15 U.S.C. § 78a, *et seq*.  On June 24, 2013, Plaintiff filed his Third Amended Complaint ("Complaint"), the live pleading, to add a claim of fraud against Defendants under Texas common law.  Plaintiff seeks to recover damages, attorney's fees, prejudgment and postjudgment interest, and costs.

In February 2015, Defendants moved for summary judgment on all of Plaintiff's claims, and Plaintiff moved for partial summary judgment on Defendants' breach of fiduciary duty counterclaim.

**Memorandum Opinion and Order - Page 2**

Defendants also moved to exclude the testimony of the following persons who were designated as experts by Plaintiff: Chip Hodgkins ("Hodgkins"), Rick Doss ("Doss"), Chris Pumpelly ("Pumpelly"), and Scott Marlette ("Marlette").  Because of discovery delays and confusion caused by supplemental appendices files in support of the parties' prior summary judgment motions, the court denied without prejudice the motions and directed them to refile their motions by May 18, 2015.  The court also made clear that the parties' amended motions and evidence must not raise new issues or exceed that previously relied upon by them unless the evidence was the subject of the magistrate judge's order on Plaintiff's Motion to Compel.  The court denied without prejudice Defendants' motion to exclude the testimony of Plaintiff's experts but indicated that it would consider the issue in conjunction with the parties' amended summary judgment motions.

On May 18, 2015, Defendants filed their Amended Motion for Summary Judgment, and Plaintiff filed his Amended Motion for Partial Summary Judgment.  In conjunction with their summary judgment motion, Defendants moved to strike and objected to certain of Plaintiff's evidence on admissibility grounds.  Both parties also objected to and moved to exclude portions of the other party's summary judgment motions, related briefs, or evidence on the grounds that they raised new issues or relied on new evidence and exceeded the scope of what was allowed by the court's prior order.  For the reasons that follow, the court determines that genuine disputes of material fact exist regarding the parties' claims or defenses that are the subject of the summary judgment motions or the parties have not met their respective summary judgment burdens.  The court, therefore, will deny the summary judgment motions and deny or overrule as moot the parties' other motions and objections that pertain to the summary judgment motions.  The court addresses separately Defendants' motion to exclude the testimony of Plaintiff's experts.

**Memorandum Opinion and Order - Page 3**

## II.    Defendants' and Plaintiff's Summary Judgment Motions and Related Objections

### A.    Legal Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita*, 475 U.S. at

587. (citation omitted).   Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).   Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458.   Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).   "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.   Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## B.   Discussion

Defendants moved for summary judgment on all of Plaintiff's claims for alleged securities violations,[2] breach of contract,[3] and common law fraud.[4] Defendants contend that Plaintiff's claims

---

[2] Section 77l(a)(2) of the Securities Act of 1933 relied on by Plaintiff "imposes liability on any person who offers or sells a security . . . by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). Section 77l(a)(2) of the 1933 Act applies to publicly traded stock offerings, not private transactions. *Id.* (citing *Gustafson v. Alloyd Co.*, 513 U.S. 561, 584 (1995)). Plaintiff also alleges that Defendants violated the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Section 10(b) of the 1934 Act prohibits "in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). Rule

fail because they are based on "phantom stock"; Plaintiff suffered no damages; and there was no "buy-back" obligation under the parties' agreement. Defendants also contend that Plaintiff waived any right to recovery[5] and his claims are barred by the statute of frauds. Plaintiff moved for summary judgment on Defendants' counterclaim for breach of fiduciary[6] and contends that the claim fails because he was never elected president of Intense Printing and was not prohibited from competing

10b-5, which implements section 10(b), forbids, among other things, the making of any "untrue statement of a material fact" or the omission of any material fact "necessary in order to make the statements made . . . not misleading." 17 C.F.R. § 240.10b-5. The basic elements of a section 10(b) claim involving publicly traded securities are: (1) a material misrepresentation or omission, (2) in connection with the purchase or sale of a security, (3) scienter by the defendant, (4) justifiable reliance by the plaintiff, (5) damages; and (6) a causal connection between the material misrepresentation and the loss, referred to a "loss causation." *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 238-39 (5th Cir. 2009). It is not entirely clear whether the stock at issue was publicly traded. The analysis for privately held entities would, of course, vary slightly.

[3] The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted).

[4] *In Aquaplex, Incorporated v. Rancho La Valencia, Incorporated*, 297 S.W.3d 768, 774 (Tex. 2009), the Texas Supreme Court set forth the following elements for common law fraud:

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

[5] "Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). The party asserting waiver must establish: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id.* Waiver can be express or implied. *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999). Express waiver can be established by evidence of a party's express renunciation of a known right. *Id.* "[F]or implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Id.* Waiver is normally a fact issue, but can be decided as a matter of law "when the facts and circumstances are admitted or clearly established." *Id.*

[6] The elements of a breach of fiduciary duty claim under Texas law are: "(1) a fiduciary relationship between the plaintiff and the defendant; (2) the [plaintiff] must have breached his fiduciary duty to the [defendant]; and (3) the [plaintiff's] breach must result in injury to the [defendant] or benefit to the [plaintiff]." *Navigant Consult., Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied)). Texas law recognizes formal and informal fiduciary relationships. *Navigant Consult., Inc*, 508 F.3d at 283.

with Intense Printing after he left the company.  From this, it appears that Plaintiff contends no formal or informal fiduciary relationship arose or existed between the parties.

The parties' briefs are not models of pellucid draftsmanship in that the parties failed to set forth the applicable law and elements of each claim or affirmative defense. Further, the manner in which the parties organized their briefs and discussed the claims and defenses and related evidence is so disjointed and haphazard that it is not entirely clear in most instances which claim or defense is being discussed.  Nevertheless, after considering their arguments, evidence, objections, and law applicable to the claims and affirmative defenses, the court concludes that, even if it sustains the parties' objections to the summary judgment evidence and other matters, a genuine dispute of material fact exists as to the elements of the claims at issue, and Defendants have not met their burden as the summary judgment movant on their affirmative defenses of waiver, novation, and statute of frauds.[7]

The court's determination as to the summary judgment motions is not intended to be a comment on the strength or weakness of the parties' claims, defenses, or evidence.  It is simply the best determination or assessment of the claims and evidence that the court can make at this juncture based on the state of the parties' briefs and the development, or lack thereof, of the issues. The court also notes that the purpose of having the parties refile their summary judgment motions and evidence was to expedite resolution of the motions, not complicate it.  The parties' dispute as to whether the opposing party complied with the court's prior order, however, appears to have turned into an unnecessary satellite litigation.  Because the parties' arguments in this regard defeat the purpose of

---

[7] Defendants also state in a footnote of their summary judgment brief, "If necessary, Defendants move for summary judgment on several affirmative defenses." Defs.' Br. 26 n.96.  Without explanation, Defendants contend that such defenses "are established, as a matter of law, by the evidence" and Plaintiff's admissions.  *Id.*  Conclusory arguments such as these are insufficient to satisfy Defendants' burden with respect to their affirmative defenses.

having them refile their summary judgment motions, the court gave them little or no weight in ruling on the summary judgment motions.

Accordingly, for these reasons, court **denies** Defendants' Amended Motion for Summary Judgment (Doc. 161); **denies** Plaintiff's Amended Motion for Partial Summary Judgment (Doc. 165); **overrules as moot** Defendants' Objections to Plaintiff's Additional Evidence Submitted and Issues Raised in Support of Plaintiff's First Amended Motion for Partial Summary Judgment (Doc. 170); and **denies as moot** Plaintiff's Motion to Strike and Objections to Defendants' Reply Brief in Support of Amended Motion for Summary Judgment (Doc. 185).  The court also **overrules as moot** Defendants' Objections to Plaintiff's Summary Judgment Evidence (Doc. 177) on admissibility grounds.

### III.   Defendants' Motion to Exclude the Testimony of Plaintiff's Experts

Defendants contend that the following persons designated by Plaintiff as experts should not be allowed to testify: Hodgkins, Doss, Pumpelly, and Marlette.  Defendants assert that Plaintiff agreed not to call Doss as a witness; and Pumpelly and Marlette were not timely designated as experts.  Plaintiff does not oppose Defendants' motion to exclude the testimony of Doss, Pumpelly, and Marlette.  Accordingly, Defendants' motion as to these witnesses is **granted.**

Defendants contend that Hodgkins does not qualify as an expert because he is not a member of a recognized appraiser organization and is not licensed or certified as a business appraiser or anything similar.  Defendants contend that Hodgkins' valuation opinion is speculative and unreliable because it is based on his preliminary assumptions regarding the value of Intense Printing and its affiliates that were never verified through due diligence because Innerworkings' proposed offer to

purchase Intense Printing and its affiliates was not accepted by Netsch, and the deal was never consummated.

Plaintiff responds that Hodgkins should be allowed to provide expert testimony regarding his 2011 business valuation of Intense Printings and its affiliates because his deposition testimony shows that he is qualified based on his experience in performing numerous valuation business valuations. Plaintiff asserts that Hodgkins' testimony as to how he arrived at the valuation is reliable because he testified in his deposition that he used the most common valuation approach in the industry, which is the multiple of EBITDA business valuation approach.[8] Plaintiff contends that, although Hodgkins did not complete his due diligence, he reviewed the business for one and one half years before arriving at an evaluation. Plaintiff also notes that Hodgkins testified that, in his experience, valuations after due diligence changed in only about five percent of the mergers and acquisition of which he was involved.

Federal Rule of Evidence 702 applies to expert testimony and provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. District courts are assigned a gatekeeping role to determine the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-98 (1993). The court

---

[8] Hodgkins explained that EBITDA refers to earnings before interest, taxes, depreciation and amortization.

must find that the evidence is both relevant and reliable before it may be admitted. *Id.* To do so, the court must evaluate whether the reasoning and methodology underlying the testimony is valid and can be reliably applied to the facts of the case. *Id.* This requires more than a glance at the expert's credentials; the court must also ensure that the expert has reliably applied the methods in question. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

Factors to consider when evaluating reliability include: (1) whether a theory or technique can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards and controls; and (5) general acceptance of the theory in the scientific or expert community. *Daubert*, 509 U.S. at 593-95. The reliability inquiry is flexible, and the judge has discretion in determining which factors are most germane in light of the nature of the issue, the particular expertise, and the subject of the expert's testimony. *Id.* at 594-95; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999). In assessing whether an expert's testimony is reliable, the trial court must nevertheless strive to ensure that the expert, "whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. The relevance and reliability of expert testimony turn upon its nature and the purpose for which its proponent offers it. *See, e.g., Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195 (5th Cir. 2006) ("Of course, whether a proposed expert should be permitted to testify is case, and fact, specific.") (citing *Kumho Tire*, 526 U.S. at 150-51).

The Advisory Committee's Notes explain that when a "witness relies solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to

the facts." Fed. R. Evid. 702 advisory committee's notes (2000 amendments).  This is because the

"trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'"  *Id.*

(citing *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1994) ("We've been

presented with only the experts' qualifications, their conclusions and their assurances of reliability.

Under *Daubert*, that's not enough.")).  According to the Advisory Committee's Notes, "The more

subjective and controversial the expert's inquiry, the more likely the testimony should be excluded

as unreliable."  Fed. R. Evid. 702 Advisory Committee's Notes (citing *Kumho Tire Co.*, 526 U.S.

at 152) ("[I]t will at times be useful to ask even of a witness whose expertise is based purely on

experience, say, a perfume tester able to distinguish among 140 odors at a sniff, whether his

preparation is of a kind that others in the field would recognize as acceptable.")).

      Plaintiff states as follows regarding Hodgkins in his Rule 26(a)(2) Disclosures:

Chip Hodgkins
Innerworkings
600 West Chicago Avenue, Suite 850
Chicago, IL 60654
212-642-3700

Mr. Hodgkins can testify that following a review and examination of the business
of Intense Printing and its affiliates over a period of approximately two years,
Innerworkings believed and made a good-faith offer to purchase the same for the
sum of $9 million in April of 2011. Mr. Hodgkins can also testify as to the
experience that he has at Innerworkings and the manner in which the $9 million
good-faith offer was determined. In addition, Hodgkins can confirm that in response
to Innerworkings' offer of $9 million for the purchase of Intense and its affiliates,
Bryan Netsch, the owner and principal shareholder of Intense and its affiliates, made
a counter-offer of $14 million. Mr. Hodgkins can testify that in making the offer,
Netsch made very specific references to and summarized the reasons for his belief
that the value of Intense and its affiliates was $14 million at the time.

*See* Pl.' Expert Designations 2, filed February 22, 2014 (Doc. 35).  Based on the foregoing

disclosure, it appears that Hodgkins will not only be offering expert testimony under Rule 702

**Memorandum Opinion and Order - Page 11**

regarding Innerworking's valuation of Intense Printing and affiliates but also fact or lay testimony

under Rule 701 regarding the transaction based on his personal knowledge and observations.  Under

Federal Rule of Civil Procedure 701, "[a] witness who provides only lay testimony may give limited

opinions that are based on the witness's perception and that are helpful in understanding the

testimony or in determining a fact in issue, *but the witness may not opine based on scientific,*

*technical, or other specialized knowledge*."  *United States v. McMillan*, 600 F.3d 434, 456 (5th Cir.

2010) (footnote omitted and emphasis added).  Accordingly, Hodgkins may testify as a lay witness

as long as his testimony is limited to his observations or perception of the transaction, but he may

not give an opinion as a lay witness that is based on technical or specialized knowledge.  Thus, under

Rule 701, Hodgkins can testify that Innerworkings offered Netsch $9 million to purchase Intense

Printing and its affiliates, and Netsch made a counteroffer of $14 million, but he cannot testify that

Innerworkings' offer was made based on his valuation of the companies or the manner in which this

or any other valuation of the companies was determined unless the requirements for expert testimony

under Rule 702 are satisfied.

    After reviewing the portions of Hodgkins' deposition testimony submitted by the parties, the

court questions whether he can testify as an expert regarding his valuation of Intense Printing and

its affiliates.  Plaintiff is correct that Hodgkins may be qualified based on his prior experience in

performing business valuations, but the facts regarding his prior experience in performing business

valuations needs further development.  Moreover, while Hodgkins testified that he complied with

recognized industry standards in making the valuation using a multiple of EBITDA, he did not

describe the methodology or steps normally taken with such methodology in making business

valuations; nor is it clear whether he applied the methodology to the facts in this case in determining

the valuation of Intense Printing and its affiliates.  Accordingly, without more information regarding these matters, the court does not have sufficient information to determine whether Hodgkins is qualified or whether his opinions are reliable.  Plaintiff must, therefore, be prepared to lay the requisite foundation at trial before Hodgkins will be allowed to testify as an expert regarding his valuation of Intense Printing and its affiliates.

## IV.    Conclusion

For the reasons stated, the court concludes that, notwithstanding the parties' objections to each other's summary judgment briefs and evidence, a genuine dispute of material fact exists regarding the elements of the claims at issue or defenses that are the subject of the summary judgment motions or the parties have not met their respective summary judgment burdens.  The court, therefore, **denies** Defendants' Motion for Summary Judgment (Doc. 161); **denies** Plaintiff's Amended Motion for Partial Summary Judgment (Doc. 165); **overrules as moot** Defendants' Objections to Plaintiff's Additional Evidence Submitted and Issues Raised in Support of Plaintiff's First Amended Motion for Partial Summary Judgment (Doc. 170); **overrules as moot** Defendants' Objections to Plaintiff's Summary Judgment Evidence (Doc. 177); and **denies as moot** Plaintiff's Motion to Strike Defendants' Reply Brief in Support of Amended Motion for Summary Judgment (Doc. 185).  The court also **grants** Defendants' Motion to Exclude the Expert Testimony of Chip Hodgkins, Rick Doss, Chris Pumpelly, and Scott Marlette (Doc. 88) *with respect to Doss, Pumpelly, and Marlette.  The court will determine at trial whether Hodgkins can testify as an expert under Rule 702.  Plaintiff must lay the requisite foundation at trial before Hodgkins will be allowed to testify as an expert regarding his valuation of Intense Printing and its affiliates.*

As this case will be four years old in September 2016, it is considered an "old" case for statistical purposes and must be tried before the end of September 2016. As of now, the only availability on the court's busy civil and criminal trial dockets between now and September 2016 is July 2016. Accordingly, unless otherwise ordered, this case will most likely be tried in July 2016, on a date to be determined by the court, and the court will enter by separate order an amended scheduling order that specially sets this case for trial in July 2016. *Because of the age of this case and prior delays, the court will not entertain any further requests for continuance absent good cause shown and warns the parties that the inability of either Plaintiff or Defendants to proceed to trial in July 2016, or another date set by the court, will result in dismissal of the parties' respective claims or defenses, entry of default, or other sanctions that the court deems appropriate.*

Further, because it does not appear from that docket that the parties mediated in accordance with the court's August 1, 2013 Mediation Order, the court will enter an amended mediation order requiring the parties to mediate before the trial of this case. *Failure of either party to mediate or comply with any order entered by the court may subject the noncompliant party or counsel, or both, to sanctions without further notice. Such sanctions may include striking a party's witnesses or exhibits, striking a party's claims or defenses, dismissal of a party's claims, entry of default, payment of expenses by the offending party or attorney, or other sanctions the court deems appropriate. See* Fed. R. Civ. P. 16(f).

**It is so ordered** this 29th day of March, 2016.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 14**